My name is Marinda Condra. Together with my father and co-counsel Gary Condra, we represent the appellants in this case. It appears from the briefing that the government has agreed that the issue regarding class certification was not waived before the district court. So unless the court has specific questions regarding that issue, I'll just… You would help me greatly if you would address the jurisdictional question, which I have a major concern about. Yes, Your Honor. I'll be glad to do that. Initially, it's important to understand that this is not a cause of action, a claim for breach of contract. While… I'm sorry. This is not a claim, a cause of action for breach of contract. We are not alleging a breach of contract. Well, that may be true, but your complaint alleges that the action proceeds on contract. That is primarily the government's argument. We agree… I know what your pleading says. Yes, Your Honor. We agree that these entitlement programs are implemented using contracts. Well… However, what we are arguing is that… What we're going on, if not for the contract that you have with the government, pursuant to whatever. We are specifically challenging a regulation. A breach of contract action before the Federal Claims Court would not reach that regulation, ever. But you are claiming a breach of the contract by virtue of the fact that the government has improperly offset from payments that are otherwise due and owing under the new contracts for debts that were allegedly incurred by some of the principals under old contracts. Actually, those debts, the debts would be under different agencies' programs. And yes, there would be notes and deeds of trust involved. It's not a claim for money damages against the United States. No, Your Honor. It absolutely is not a claim for money damages. The Court has been very clear in Bowen v. Massachusetts and Apple Enterprises v. Apple. I never have known exactly how to say that. That a claim for simply entitlement benefits to which an individual is entitled under the law is not a claim for money damages. Money damages are a substitution for something an individual was entitled to. We are not seeking a substitution. And, in fact, we have not made any claim for money. We have asked for an injunction and a declaratory judgment from this Court. But you also want a refund, don't you, because the monies have actually been offset. There are still sums of money owed under your theory. And the Supreme Court has been very specific that just because money might result or would result in an action by a court does not convert that action into an action for money damages. In fact, were this to be transferred to the Claims Court, that regulation would never be reached because the Federal Claims Court cannot issue the equitable relief that we are seeking. Well, if you accept the Federal Circuit's analysis in Consolidated Edison, that's not entirely correct, is it? Which part, Your Honor? I'm sorry. That. Well, you said the Court of Claims couldn't reach the issue that you're really challenging, which is the regulation or the statute, the Secretary's authority. And I'm saying under the rationale of the Federal Circuit in Consolidated Edison, which is a case that's quite similar to this, that wouldn't be true because the Court of Claims can, in fact, reach constitutional statutory claims that arise out of a contract. All the Federal Claims Court could do is turn the money back. That's it. No. But the Federal Circuit says that, then, is effectively res judicata on the issue of future relief. So you, if you get your money refunded, you win because you've effectively gotten the prospective relief that you seek under Consolidated Edison. The regulation is still in effect. The regulation is maybe res judicata to our plaintiffs. This is a class action. It's a class action, so it's going to bind everybody. What about future farmers? Well, what about future farmers? What about this language? In any case within its jurisdiction, the Court shall have the power to remand appropriate matters. That's pretty good discretion. To any administrative or executive body or official with such direction as it may deem proper and just, such as, give them back their money and don't do it again. Your Honor, I realize that that's there. And that's also the Tucker Act and the Little Tucker Act. For those since 1996, the Little Tucker Act allows that language to be used for claims under $10,000, of which you've got two or three, right? Well, Your Honor, the analysis of the Tucker Act presented by the government is actually erroneous, the Little Tucker Act. The Big Tucker Act. Have I erroneously quoted the Tucker Act? No, Your Honor. However, it is limited to cases for money damages. And the Supreme Court's holdings in that area have been very specific. Bowen v. Massachusetts, Eastern Enterprises v. Appel, been very specific. Cases just exactly like this. While the Federal Claims Court may have decided some things erroneously, the Supreme Court has been very specific that when you're dealing with an issue that is not a case for money damages, there is no jurisdiction under the Tucker Act. The Tucker Act only deals with claims for money damages. The Little Tucker Act creates an exception. It says, okay, you may have a claim for money damages, but if it's under $10,000, we'll still let you go to the district court. That's what the Little Tucker Act says. It doesn't create any sort of absolute jurisdiction in the claims court for actions under $10,000. And I will tell this Court, I cannot tell you how much money is owed to these people. I don't know. The government has presented their list prepared in 1999 of how much they had taken. I have no way to verify that. And that's in 1999. They've been taking money ever since. If you're correct as to the Supreme Court's reading of the Tucker Act as being limited solely to money damages, that's your point, right? What is the purpose of this 1988 in the Tucker Act and 1996 in the Little Tucker Act language, which I've just read you? The Little Tucker Act was to create almost an exception to the Big Tucker Act. What's the purpose of the language with such direction as it may deem proper and just other than to grant to the Federal Court of Claims equitable jurisdiction in addition to money damages jurisdiction so that they can enter orders to avoid multiplicity of suits such as this? And, Your Honor, I cannot tell you at this time. I haven't researched the legislative history on that particular provision. Has the Supreme Court ever said this act doesn't mean what it says and there is only money damages and you cannot enter declaratory relief giving such direction as it may deem proper and just? Perhaps I should clarify something I said. The Tucker Act gives the Court of Claims exclusive jurisdiction only under money damages for money damages. We are not seeking money damages so the Federal Court of Claims does not have exclusive jurisdiction. While the Court of Claims might have jurisdiction for other things, this case is not a case for money damages. Therefore, the district clerk, the district court has jurisdiction under the APA. There is jurisdiction under the APA if the three requirements that we've said exist, exist. That is, that the complaint seeks or doesn't seek money damages. And I agree with you. Bowen takes care of that issue. But the second two, I'm having a lot of trouble seeing how they're met. That is, that an adequate remedy is unavailable pursuant to the Tucker Act, as it seems to me that it is for the reason I suggested a moment ago under the consolidated Edison rationale, and that the remedy isn't impliedly prohibited, which it would be under the Tucker Act. The remedy is not prohibited? Okay. I'm talking about the Tucson Airport test for whether the APA applies. Okay. Your Honor, historically, cases just such as this dealing with the Farm Service Agency, the ASCS, USDA programs have proceeded in Federal district court under the judicial review provisions of the APA. There has not been, I will tell you, in the beginning there were questions about whether or not that was money damages and there were challenges. The other two prongs, I'm not aware of there having been a great deal of litigation upon, because there is not an adequate remedy, because we are seeking prospective relief. We are seeking an injunction. We are seeking a declaration of judgment. You know, are you familiar with consolidated Edison? Yes, Your Honor. Okay. Explain to me why that reasoning doesn't apply, because as I understand it, what the Federal Circuit has said is, look, you're proceeding on a contract, you want the offset declared improper so that you can get your full. Your Honor, I understand the question. And if the full funds are granted to you, that's res judicata on the government prospectively. Okay. Because we are not proceeding under a contract. Your complaint alleges you are. That's the problem I've got. I understand you want to back off of it. Your Honor, I don't want to back off of that. There are two programs involved here that involve contracts. One is production flexibility contracts. Right. And ones are the conservation reserve program contracts. Disaster assistance program does not involve a contract. Market loss assistance program does not involve a contract. None of the other programs which might be impacted by this regulation involve a contract. While those two programs do involve a contract, they are contracts, they are not negotiated contracts. They are contracts of adhesion. And all the terms of the contract are governed by statute. And so what we are dealing with are statutory entitlements, not negotiated contract benefits. There is no government, if I do this, you'll do that. There is. Here is a list of entitlements that you may be qualified for. And in Social Security, you may have to sign an application. With FSA, you're going to sign a contract. That is it. These are entitlement benefits. Yes, they are implemented by contract. These are not negotiated contracts. These are contracts of adhesion that simply operate very much the same way as an application form might operate. I don't understand. You rely upon the adhesion principle. But how does that make a difference when we're dealing with claims under contract? Because I could take that contract, I could rip it up, I could throw it away. Every single one of those benefits is in statute. The contract is just the mechanism by which I sign up for the program. That's it. Just like if I took somebody's application for Social Security and I ripped it up. But isn't the whole purpose of conferring jurisdiction in the Court of Federal Claims to make Congress has identified a single court which shall serve as the judicial forum for adjudication of claims against the public fisc. And however artfully you draft your complaint, if at the end of the day what we're talking about here is money that's coming out of the coffers of the United States, Congress has said that's where you go to resolve those kinds of cases. Your Honor, under that analysis, Social Security would fit into that definition. Well, but Congress in its infinite wisdom of Social Security gave other courts jurisdiction over Social Security claims. But if I'm going to raise an issue regarding just the payment of Social Security claims, I'm not going to have to go to the Court of Claims. I can go to the district court. Because Congress expressly conferred jurisdiction on other courts. But here, unless you can point me to some other place besides the Tucker Act and the Little Tucker Act, I can't. Yes, Your Honor. I can. It's in the APA, and it's also in the APA. But then you still haven't answered Judge Reimer's question with regard to the three-prong test under Tucson Airport Authority. I'm still waiting for the answer on prongs two and three. Yes, Your Honor. I can also point you to provisions of – excuse me, Your Honor, if you'll give me just a second. Your Honor, I apologize. I may be giving you an imprecise citation. But I believe it's 7 U.S.C. 6994 that deals with the reviewability by the district court of decisions by the Secretary. Again, I apologize if that's – it should be right around there. All right. So what's the answer to Judge Reimer's question? The answer is, first, that the case law historically – and if the court would accept or request additional briefing, I'll be glad to. Paul, the question is – Yes, Your Honor, I'm trying to answer. How do you meet prongs two and three? That's the question. Prongs two and three are met by the fact that they have been met throughout the years. They have been met over and over and over in courts, including this one, regarding APA reviewability. The issue – the only issue that has ever been there is the Tucker Act claim for money damages. The issues regarding – and because – okay. I'm sorry. There is no jurisdiction under the Tucker Act. This is not a claim for money damages. This is not a claim on a contract. The contract terms have been fulfilled. After they were fulfilled, the government took the money. Okay. Let me put it this way. We'll assume I completely agree with you on the money damages prong. Okay. It doesn't exist. If you are incorrect on the contract issue, there is Tucker Act jurisdiction, at least on a promulgation basis. If you're suing on a matter that arises out of a Federal contract, right? Your Honor, I do not believe we are raising on it. I understand you don't believe that. I hear you loud and clear. But if that – if we disagreed with that, then do you have a reason why neither prong two nor three of the Tucson Airport test is met? Yes, Your Honor, because while I understand that Your Honor is saying that a Federal claims court might be able to issue relief that provides raised judicata. However, it will not provide prospective relief for the application of this specific regulation in general. Well, no, but you can't complain in general. You're complaining about the people that you represent. Yes, Your Honor. And you want relief for them, right? Yes, Your Honor. And we want relief for them. And you would get that, right? No. On the raised judicata theory. No, Your Honor. Why not? Because the offset regulation would still be in effect. I understand that. They could still use it for other programs. There are new ag programs coming out every single day. Well, again, the point is you can't complain about anything other than what you've complained about in this lawsuit. And we have complained that that regulation operates – is an unconstitutional regulation. Okay. But, counsel, why – pardon me for being so tedious on this language. Why couldn't the court of claims not only give you the money, but also issue a declaratory relief direction to the administrative body and say – and handle all future claims this way just under 28 U.S.C. 1491a2, just the way it reads. In any case within this jurisdiction, the court shall have the power to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just. Isn't that the equitable power that the Congress has given first under the Tucker Act in 88 and then under the Little Tucker Act in 96 to the court of claims? Your Honor, it's not sufficient to provide class – to provide class-wide relief. In any case saying that that language cannot support a declaratory relief action. And in a class action? Yeah. No, Your Honor, not at this time. What's the matter with a class action? Well, but this is a class action. Well, but so what? I mean, if it can be done in a single case, it can be done in a class action, right? I'm not aware of class actions being maintained in the Federal court of claims. Forget about class action. Do you have any case that says that these amendments, 88 and 96 amendments, do not grant equitable power to the Federal court of claims to hand down declaratory relief actions to administrative or executive bodies? Not currently right before me, Your Honor. I didn't think so. If I might, I'd like to reserve the last minute and a half for rebuttal. Certainly. May it please the Court. I'm August Flengey with the Justice Department here on behalf of the Secretary of Agriculture. I was going to focus on the takings aspect of the impact on appellate jurisdiction here. The Court seems more interested in the aspect that are based on contract claims, so I'll start with that. No, I'd like to hear your views on the appellate jurisdiction, whether this Court has appellate jurisdiction of any of these claims. Sure. The Little Tucker Act provides district court's jurisdiction to hear contract and takings claims for compensation that are under $10,000. However, if a complaint is based in part on that jurisdiction, the appeal goes to the Federal circuit. Here, the simplest way to resolve this case, I believe, is that the plaintiff has alleged that there's a taking and has sought compensation for that taking, and that is a claim that clearly would fall under the Little Tucker Act under this Court's precedent on takings claims, most directly Clouser v. Espy, in which this Court explained that in a case that involved many statutory and a variety of administrative claims, it said, well, when you have an aspect of that that is seeking compensation for a taking, the claims court, that case involved, I believe, more than $10,000 is the proper court for that claim. Here, because some of these claims are under $10,000, the district court was, it was okay to bring them in the district court, but because they are based in part on the Little Tucker Act, an appeal would then properly go to the Federal circuit. That's not to mean they lose all of their other claims raising APA issues. The Federal circuit can decide all of that in a case that has, is based in part on the Little Tucker Act. Yeah. I mean, the net result here is not that the plaintiffs lose for lack of jurisdiction. They simply get their case transferred. Sure. And then you guys are going to go have another argument in the Federal circuit. I expect we've addressed the merits there, similar to the portion of our briefs that addressed the merits here. Ms. Conroe basically argues, look, I mean, historically, matters of this sort of always been tried in district court. I'm not sure that that's accurate. I know that, I don't have the site on me, but I know that the Federal circuit has dealt with cases involving the CCC administration of contracts in the past. And, of course, takings cases historically have always gone to the claims court. That's based on the fact that you can't really get an APA remedy for a taking because there's nothing wrong with the government taking property. All it has to do is provide a procedure for just compensation, and that procedure is the Little Tucker Act or the Tucker Act remedy provisions, which will provide for compensation for those takings. Accordingly, the proper place for this suit is, for the appeal at least, is in the Federal circuit. The Federal circuit might then decide that some of the claims needed to be brought in the claims court in the first instance, those seeking more than $10,000, it then presumably could resolve the claims for under $10,000. Under the consolidated Edison case, which this Court noted to the other side, in cases where you have sort of ongoing obligations that are based on contract, the Federal the claims court or the Federal circuit can provide an adequate remedy. What they do is say that they require the return of funds, and that would kind of work as a declaratory judgment to prevent the government from taking those funds in the future. They would basically have a dispositive resolution of that issue in the court where those claims will be made. The other side cited the Eastern Enterprises case as supporting the notion that you could bring takings claims under section 1331 in certain instances. That claim is that case is readily distinguishable for a couple of reasons. First, the statutes at issue there require the transfer of money to a third party, a private party. So you could not obtain just compensation in that circumstance because the money was not going to the government. It was going to a third party by statutory requirements. So the only you the court could presume that there was no adequate, there was no just compensation remedy under the Tucker Act, and then go ahead to decide whether that statutory requirement violated the takings clause because there was no remedy. Kennedy. Aren't we as a court bound by the decision in Brant v. Cleveland National Forest Service, 843 Fed Second, 1222? It's a very similar factual basis, although it's a Forest Service claim, which was under $10,000. It resulted with the Forest Service enacting an administrative offset. Does that sound familiar? Yes, it does. Against the plaintiff's Federal pension because of some fire suppression costs. And this Court typified that as a little Tucker Act claim over which this Court had no jurisdiction on the appeal. That case is. Doesn't that just start and end the controversy right there? Factually, that case is very similar because it involved an offset-type claim. And that's what the plaintiffs are seeking here under their various contracts. They are seeking to reverse an offset. Because the pension was a contract or maybe it wasn't a contract. It was a payment of some sort. And the offset was an equitable lien or some sort of that. And it would seem to be very similar to this. I'll tell you up front, I don't remember the precise facts in Brant, but to the extent it involved an offset, it is pretty squarely similar to this case. But you think it sounds pretty good. It sounds. Well, I think we cited it, so I assume we thought it sounded pretty good. So then we, the other, the final factor in the Tucson Airport Authority is whether the remedy is impliedly or expressly prohibited under the APA. And here you would have a situation almost exactly like the facts in Tucson Airport where you have a remedy in the claims court, so you would presume that that is the remedy that the government is seeking to use in securing their rights. And finally, the first part of the Tucson test was whether their suit was for money damages. I know that they are portraying it as not a suit for money damages, but to the extent their claims are based on contract or on the takings clause, the only relief available is a damages remedy against the government. In the takings context, the Supreme Court has always said that the remedy you seek is under the Tucker Act, and for contract claims, the standard adequate remedy is to seek damages for the government's refusal to pay the amount that the government decided to offset. I was prepared to turn to the merits, and I just will address very briefly that I think on the merits, the CCC Charter Act gives the CCC broad and flexible authority to, quote, determine the character of its obligations and the manner in which they shall be paid. And that's from 714BJ. That is exactly the sort of determination the CCC makes in deciding to offset. And here, that authorizes the entity offset that is authorized by the CCC regulation. It's consistent with the initial intention in enacting the CCC Charter, that they begin in flexible and broad authority to deal with complex and unusual situations. This is exactly that sort of a situation, and the agency is taking a measured response to ensure that these debts of participants and entities get repaid, but at the same time not going as far as piercing the corporate veil would be and only taking a pro rata share based on that debtor's participation. If the Court has no further questions, I would submit and encourage transfer to the Court. Thank you. Okay. Thank you very much. Ms. Condra. Very quickly, Justice Beyer, I believe you asked me if there was a case that I could give you dealing with whether or not disqualified is a contract that would provide Tucker Act jurisdiction. The case is Esch v. Yeider, Y-E-U-T-T-E-R. Side is 876, S second, 976. I would also refer the Court to a law review, South Dakota Law Review, Volume 36, 1990-1991, A Guide to the ASCS Administrative Appeal Process and Judicial Review of ASCS Decisions. What page? I'm sorry. It's really a general article, but page 449. 1991. 1990-1991, yes, sir. And I would conclude with saying that if the statutes established in the National Appeals Division and the review process within the Department of Agriculture had the Secretary sent notice as they were required, had they provided an appeal process as they were required, unquestionably review of those decisions would be before the district court. The fact that they did not does not change the jurisdiction of the district court. The district court had and has jurisdiction to review these issues. As the Court in Yeider said, that may very well be the case, but if we felt obliged to transfer this appeal to the Federal Circuit, then that issue would be up to the Federal Circuit, wouldn't it? Your Honor, I don't believe an appeal, a transfer would be appropriate. I think the jurisdiction is. Well, I know you do, but if it were transferred, then we would not monkey around with whether the district court had jurisdiction. That's correct. However, the Court of Claims, the Federal Circuit does not have jurisdiction over this case. I'll give you a couple more seconds with permission from the Chief here. But how do you get around Brandt? Your Honor, I have to apologize. The facts of Brandt are not fresh on my mind. Okay. Thank you. Okay. Counsel, thank you both for the argument in this case. The matter will just be submitted. And we'll turn next to Justice Breyer.
judges: Rymer, Tallman, Bea